OHIO COUNTY AND INDEPENDENT AGRICULTURE SOCIETIES, Delaware County Fair, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 77–1680.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 1979.

---

Ernestine B. Powell, Powell & Powell, Bruce W. Powell, Columbus, Ohio, for petitioner-appellant.

Gilbert E. Andrews, Chief Asst. Atty. Gen., Leonard J. Henzke, Jr., Thomas M. Walsh, Tax. Div., U. S. Dept. of Justice, Washington, D. C., M. Carr Ferguson, Stuart E. Seigel, Chief Counsel, I. R. S., Washington, D. C., for respondent-appellee.

Before MERRITT and BROWN, Circuit Judges, and PECK, Senior Circuit Judge.

## ORDER

Appellant, Ohio County and Independent Agriculture Societies, Delaware County Fair, was determined by the Commissioner of Internal Revenue in 1960 to be entitled to tax treatment under § 501(c)(3) of the Internal Revenue Code which meant that it was exempt from federal income tax as an educational organization and that contributions to it are deductible under § 170(c)(2). However, as such an organization it is subject to such tax with respect to its "unrelated business income" pursuant to §§ 511 through 515 of the Code. Contending that it is entitled to more favorable tax treatment under the Code, i. e. that its unrelated business income not be subject to federal income tax, it filed a declaratory judgment proceeding in the Tax Court. In its petition in the Tax Court appellant asserted that it qualified as "an organization described in Section 170(b)(1)(A)(v)" of the Code and relied on § 7428 of the Code for jurisdiction. The Tax Court entered an order (Docket No. 4811–77) dismissing appellant's petition, holding that it had no jurisdiction under § 7428 of the Code and thus this appeal.*

We conclude that the Tax Court was correct in its decision that § 7428 of the Code did not vest it with jurisdiction.

The legislative history clearly shows that § 7428 was enacted to obviate a particular problem. This problem arose when organizations claiming entitlement to treatment or to continued treatment under § 501(c)(3) (which appellant already has) were turned down, and a long period of time would expire before they could obtain a definitive determination. Thus Congress enacted § 7428 to give the Tax Court declaratory judgment jurisdiction to make such determination. Moreover, the very language of § 7428 provides that the Tax Court would have jurisdiction where there is a case in controversy involving a determination by the Secretary "with respect to the initial qualification or continuing qualification of an organization as an organization described in Section 501(c)(3)." Here appellant is not seeking to have the Tax Court declare that it is *qualified* to receive favorable treatment as an organization described in § 501(c)(3); it is seeking to have the Tax Court declare that it is qualified to receive the even more favorable treatment under other provisions of the Code.

Accordingly, the order of the Tax Court dismissing the petition is

AFFIRMED.

---

* Appellant is also raising the issue of its entitlement to be treated as an organization described in § 170(b)(1)(A)(v) in a pending proceeding to redetermine a deficiency in the Tax Court.