ALLEN EIRY TRUST, CLAIR M. FORREST, TRUSTEE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5760–81X.     Filed December 16, 1981.

*Clair M. Forrest,* for the petitioner.
*Mary H. Weber* and *Charles Williams,* for the respondent.

OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's "Motion to Dismiss for Lack of Jurisdiction and, In the Alternative, to Strike Allegations Relating to Application of Internal Revenue Code Section 115." After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

---

[1] Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule.

## OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge*: Petitioner brought an action for declaratory judgment pursuant to section 7428[2] and other applicable sections contesting respondent's determination that petitioner is a nonexempt charitable trust under section 4947(a)(1) and does not qualify under section 115(a) as an instrumentality of the State of Ohio.

Petitioner's legal address at the time it filed its petition was c/o Clair M. Forrest, Trustee, 140 Riverside Drive, Tiffin, Ohio 44883.

Petitioner is a testamentary trust created by the Will of Allen Eiry, which was executed on October 29, 1970. The trust was established "to provide for the welfare and good of the inhabitants of Seneca County Old Folks Home, Seneca County, Ohio." The testator died on September 21, 1974, and the will was filed with the Probate Court of Seneca County, Ohio, on October 1, 1974.

By letter dated May 4, 1979, petitioner requested determination of its foundation status under section 4947(a)(1) as a "nonexempt" trust or as qualified for exemption under section 115(a)(2). Respondent replied by letter dated January 31, 1980, in which he determined that section 115(a) was not applicable to the income of petitioner and that it was a nonexempt charitable trust but did not meet the public charity foundation status tests under section 509(a)(3) and would thus be treated as a private foundation under section 509(a). Petitioner protested this determination by letter dated February 28, 1980, on the grounds that it is governed by section 115(a)(2).

On December 23, 1980, respondent issued a final adverse determination letter to petitioner which states therein, in part, as follows:

> You fail to qualify under Section 115(a) of the Code because you are not an instrumentality of Senneca [sic] County. Further, you are a non-exempt charitable trust under Section 4947(a)(1) because you do not meet the requirements of Section 409(a)(3).

In the December 23, 1980, letter respondent further states:

> If you decide to contest this determination under the declaratory judgment provisions of Code section 7428, a petition to the United States Tax

---

[2]All section references are to the Internal Revenue Code of 1954 as amended, unless otherwise indicated.

Court * * * must be filed within 90 days from the date this determination was mailed to you. * * *

On March 23, 1981, petitioner filed its petition for declaratory judgment in this Court under section 7428 and other applicable sections. Petitioner primarily seeks a declaration that section 115 governs the trust. In its petition, petitioner also states:

B. As to Applicability of Section 4947(a)(1):
The petitioner respectfully represents to the Court that the I.R.S. personnel have attempted to be helpful in clarifying this matter; but to find same as coming under section 4947(a)(1) can result in unnecessary expenditures of the income to avoid accumulations, when the same are advisable at times to carry out essential governmental functions. IRC 115 should govern.

On May 11, 1981, respondent filed his motion herein being considered, and a hearing was held thereon at Washington, D.C., on June 17, 1981, at which respondent appeared and presented argument. No appearance was made by or on behalf of petitioner, but subsequent to the hearing, petitioner's response in lieu of attendance at hearing was received and filed on June 18, 1981. Because of questions that remained unanswered at the hearing, the Court by order dated June 22, 1981, directed respondent to submit information and answers to specific questions.[3] In response to that order, respondent filed a report on July 16, 1981. In his motion, respondent asserts that the initial or continuing qualification or classification of the Allen Eiry Trust as an organization described in section 501(c)(3) or 170(c)(2), as a private foundation or as a private operating foundation, is not in dispute, thus, this Court lacks jurisdiction pursuant to section 7428.

Initially, we must discuss the bounds of jurisdiction which this Court has with respect to declaratory judgment actions. Generally, this Court is prohibited from making declaratory

---

[3]That order recites in part, as follows:

"(1) Why was petitioner told it could file a declaratory judgment action in a letter in which respondent determined that petitioner did not 'qualify under section 115(a)'?

"(2) Was petitioner informed of the error existent in the final adverse determination with reference to section 409(a)(3)?

"(3) When was the original Form 1023 filed and what status did petitioner request? If no Form 1023 was filed, what status did petitioner maintain before receipt of the final adverse determination letter?

"(4) If a report was issued to petitioner regarding the reasons for the issuance of the final adverse determination letter, the Court directs that a copy thereof be submitted."

judgments, and our jurisdiction is limited to redetermination of tax deficiencies. Secs. 7421(a), 7442, 6213(a), 6214. *Bob Jones University v. Simon*, 416 U.S. 725 (1974). This jurisdiction has been expanded to allow for declaratory judgments in specific situations: see, e.g., section 7428 relating to exempt organizations, section 7476 involving retirement plans, section 7477 involving transfers of property from the United States, and section 7448 pertaining to Government obligations.

Although petitioner has requested that we consider its petition under "section 7428, and other applicable sections," we find no other declaratory judgment provision relevant to this case and will restrict our consideration to section 7428.

The issue here is whether petitioner is entitled to bring a declaratory judgment action under section 7428.

Section 7428(a) provides in pertinent part:

(a) CREATION OF REMEDY.—In a case of actual controversy involving—
(1) a determination by the Secretary—
(A) with respect to the initial qualification or continuing qualification of an organization as an organization described in section 501(c)(3) which is exempt from tax under section 501(a) or as an organization described in section 170(c)(2),
(B) with respect to the initial classification or continuing classification of an organization as a private foundation (as defined in section 509(a)), or
(C) with respect to the initial classification or continuing classification of an organization as a private operating foundation (as defined in section 4942(j)(3)), * * *

Jurisdiction under section 7428 is limited to cases involving the specific code provisions enumerated in section 7428(a)(1)(A) through (C). See and compare *Ohio County and Independent Agriculture Societies v. Commissioner*, 610 F.2d 448, 449 (6th Cir. 1979), affg. an order of this Court, cert. denied 446 U.S. 965 (1980). *CREATE (Christian, Research, Education, Action, Technical Enterprise), Inc. v. Commissioner*, 634 F.2d 803, 810 (5th Cir. 1981), affg. an order of this Court.

It would appear that under the literal words of the statute, petitioner is not entitled to a determination by this Court with respect to either of the sections petitioner requests (sec. 115 or sec. 4947). However, section 4947(a)(1)[4] describes a nonexempt

---

[4]Sec. 4947(a)(1) provides:

For purposes of part II of subchapter F of chapter 1 (other than section 508(a), (b), and (c))

charitable trust as a trust which is not exempt from taxation under section 501(a), with all of its interests devoted to religious, charitable, scientific, literary, or educational purposes, or to foster national or international amateur sports competition, or for the prevention of cruelty to children or animals. Such a trust is treated as an organization described in section 501(c)(3) for the purpose of applying the private foundation rules, sections 507 through 509 (except 508(a)-(c)), and chapter 42.[5] The intent in enacting section 4947 was to prevent such taxpayers from avoiding the private foundation restrictions by imposing the same upon the trusts. S. Rept. 91-552, 91st Cong., 1st Sess. 93 (1969), 1969–3 C.B. 423, 483.

Thus, the question of whether a trust is described in section 4947(a)(1) is inextricably related to the issues of whether the organization is qualified under section 501(c)(3) or classified as a private foundation under section 509(a). Initially, the trust must be found not to qualify under section 501(c)(3) before it is to be considered a nonexempt charitable trust. Where the trust is not exempt under section 501(c)(3), section 4947(a)(1) requires that it be tested as a private foundation under section 509(a).[6] If the trust is classified under section 509(a)(1) through (4), then it is not liable for the excise taxes enumerated in chapter 42 (secs. 4940 through 4948).

If the nonexempt charitable trust is not classified as a nonprivate foundation under section 509(a)(1) through (4), then it will be subject to the private foundation provisions— the excise taxes imposed under section 4940 on investment income, section 4941 for self-dealing, section 4942 for failure to distribute income, section 4943 for excess business holdings, section 4944 for jeopardy investments, and section 4945 for taxable expenditures. The trust would also be required to comply with section 507, if it sought to terminate its private

---

and for purposes of this chapter, a trust which is not exempt from taxation under section 501(a), all of the unexpired interests in which are devoted to one or more of the purposes described in section 170(c)(2)(B), and for which a deduction was allowed under section 170, 545(b)(2), 556(b)(2), 642(c), 2055, 2106(a)(2), or 2522 (or the corresponding provisions of prior law), shall be treated as an organization described in section 501(c)(3). For purposes of section 509(a)(3)(A), such a trust shall be treated as if organized on the day on which it first becomes subject to this paragraph.

[5]See sec. 53.4947–1(b), Foundation Excise Tax Regs.
[6]See also sec. 53.4947–1(a), Foundation Excise Tax Regs.

foundation status, and section 508(d) and (e), when amending its governing instrument.

Thus, the status of a charitable trust under section 4947(a)(1) is dependent upon its qualification or classification under sections 501(c)(3) and 509(a). A declaratory judgment is available to the extent of these sections.[7]

This ruling is consistent with our holdings in cases where the petitioner sought to be classified as a church under section 170(b)(1)(A)(i). See *People of God Community v. Commissioner*, 75 T.C. 127 (1980), on appeal (9th Cir. 1980); *Friends of the Society of Servants of God v. Commissioner*, 75 T.C. 209 (1980).[8]

We have also made determinations under section 7428 that an organization is a feeder organization under section 502 and thus not exempt under section 501(c)(3) and is not a hospital service organization under section 501(e). *Associated Hospital Services, Inc. v. Commissioner*, 74 T.C. 213 (1980), affd. ____ F.2d ____ (5th Cir. 1981), *Industrial Aid for the Blind v. Commissioner*, 73 T.C. 96 (1979).

In *Friends of Society of Servants of God v. Commissioner, supra*, the petitioner was seeking a determination that it was a church described in section 170(b)(1)(A)(i) and not a private foundation under section 509(a)(1). Respondent ruled that petitioner could reasonably be expected to be a publicly supported foundation under sections 509(a)(1) and 170(b)(1)(A)(vi). Respondent, in his advance ruling letter, did not mention petitioner's request to be qualified as a church. In that case we said, "Thus, in the circumstances of this case, petitioner may not ask for a declaratory judgment that it is a church under section 170(b)(1)(A)(i) *unless* qualification as a church has a direct bearing on petitioner's foundation status

---

[7]See respondent's published rulings for the procedures for sec. 4947 trusts seeking a determination, which are enumerated in Rev. Proc. 76–34, 1976–2 C.B. 657, superseding Rev. Proc. 72–50, 1972–2 C.B. 830, and subsequently modified by Rev. Proc. 80–25, 1980–1 C.B. 667, are the same as those required when an organization is making a request for a determination under sec. 7428. See also Rev. Proc. 77–21, 1977–1 C.B. 586, superseded by Rev. Proc. 80–25, *supra*.

[8]See also *American Guidance Foundation, Inc. v. United States*, 490 F. Supp. 304 (D. D.C. 1980).

under section 509(a)." 75 T.C. 209 at 215–216. The same reasoning applies here.[9]

There is no indication in the record that petitioner sought qualification as an organization described in section 501(c)(3). Furthermore, respondent has indicated that the filing under section 508(a) required for such qualification was not made. Instead, petitioner sought to be classified as a section 4947(a)(1) trust or to have its income excluded under section 115. Respondent interpreted this request as seeking classification as a nonprivate foundation under section 509(a)(3) and determined that petitioner was not so classified. Section 509(a)(3) describes supporting organizations which are not themselves publicly supported but are sufficiently related to organizations that are publicly supported that a sufficient amount of public control and involvement is present.

However, the reference to section 4947 in the petition, set forth hereinbefore, is very vague. We attribute this as resulting from the errors extant in the final adverse determination letter. First, the final adverse determination letter states that petitioner does not qualify under section 115. Then, the letter advises petitioner that it may maintain a declaratory judgment action under section 7428. Despite these errors, respondent further informs petitioner in the determination letter that it failed to meet the requirements of section 409(a)(3). Section 409 deals with retirement bonds and has absolutely no relationship to petitioner's qualification as an exempt organization for which a declaratory judgment action can be brought under section 7428.

Respondent steadfastly asserts that its final adverse determination letter is accurate and not misleading on one hand, and then contends that petitioner was not confused by the "typographical" errors extant in the letter because prior correspondence had repeatedly mentioned section 509(a)(3).[10] We are forced to differ with respondent. It is clear from the petition filed herein that petitioner is confused in regard to

---

[9]Our position, enunciated in *Friends of Society of Servants of God v. Commissioner*, 75 T.C. 209 (1980), was approved by the Court of Appeals for the Fifth Circuit in *CREATE, Inc. v. Commissioner*, 634 F.2d 803 (5th Cir. 1981).

[10]The Court was first informed of this prior correspondence in the attachments to respondent's report filed on July 16, 1981.

respondent's ruling that it is a section 4947(a)(1) trust and a private foundation under section 509(a). Furthermore, it is unfortunate that respondent ruled that petitioner was not qualified under section 115 in the same letter.

Despite the misguidance petitioner was given in the final adverse determination letter, respondent seeks by its motion to dismiss this case for lack of jurisdiction because petitioner primarily seeks a declaration that its income is exempt under section 115. Clearly, petitioner is *not* entitled to a declaratory judgment under section 7428 to determine whether it is qualified to have its income exempt from taxation under section 115. *Ohio County and Independent Agriculture Societies v. Commissioner*, 610 F.2d 448 (6th Cir. 1979), cert. denied 446 U.S. 965 (1980). Section 115 exempts certain income—that which is derived from the exercise of any essential governmental function and accruing to a political subdivision of a State—from inclusion in gross income.

As we have held, petitioner is entitled to a declaratory judgment that it is a nonexempt charitable trust described in section 4947(a)(1) insofar as its status under section 509(a)(3) is concerned. Since petitioner did not seek qualification under section 501(c)(3), its status as a nonexempt charitable trust is undisputed. However, petitioner can obtain favored treatment by avoiding the excise taxes imposed on private foundations if it can obtain classification as a supporting organization as described in section 509(a)(3). If petitioner wishes to pursue such a determination, it should file a proper amended petition in accord with Rule 211(f), Tax Court Rules of Practice and Procedure.

Respondent's motion will be granted insofar as it seeks to strike allegations relating to the application of section 115. Respondent's alternative motion to dismiss for lack of jurisdiction will be denied.

*An appropriate order will be issued.*